Kristie L. Fischer
2565 Coral Sky Court,
Las Vegas, Nevada 89142
Telephone: (702) 218-0253
Email: fischer.kristie@gmail.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Cynthia Green*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Cynthia Green, | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT |
| Equifax Information Solutions, LLC, a foreign limited liability company, Trans Union, LLC, a foreign limited liability company, Ally Financial, Inc., a foreign corporation, | JURY TRIAL DEMAND |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, CYNTHIA GREEN, BY AND THROUGH COUNSEL, KRISTIE L. FISHER and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of North Las Vegas, Clark County, Nevada.

4. Venue is proper in the District Court Nevada.

## PARTIES

5. Plaintiff is a natural person residing in the City of North Las Vegas, Clark County, Nevada.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a foreign limited liability company that conducts business in the state of Nevada;

   b. Trans Union, LLC ("Trans Union"), which is a foreign limited liability company that conducts business in the state of Nevada; and

2

    c. Ally Financial, Inc. ("Ally Financial"), which is a foreign corporation that conducts busines in the state of Nevada.

## GENERAL ALLEGATIONS

7. Ally Financial is inaccurately reporting its Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit disclosures.

8. Plaintiff no longer disputes the Errant Tradelines.

9. On February 20, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures. While reviewing her credit disclosures, Plaintiff noticed the Errant Tradelines inaccurately reporting with an erroneous notation of "account in dispute."

10. On or about June 5, 2020, Plaintiff submitted a letter to Equifax, requesting the credit bureaus to remove the notation of "account in dispute."

11. On or about June 9, 2020, Plaintiff submitted a letter to Trans Union, requesting the credit bureaus to remove the notation of "account in dispute."

12. Equifax and Trans Union forwarded Plaintiff's consumer dispute to Ally Financial.

13. Ally Financial received Plaintiff's consumer dispute from Equifax and Trans Union.

3

14. Ally Financial, Equifax and Trans Union did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

15. Plaintiff had not received Equifax's and Trans Union's investigation results. Therefore, on August 11, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union and Ally Financial failed or refused to remove the notation of "account in dispute."

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY FINANCIAL

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notation, Ally Financial negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

4

19. Ally Financial negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

20. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union, to which it is reporting such tradelines.

21. As a direct and proximate cause of Ally Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Ally Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Plaintiff has a private right of action to assert claims against Ally Financial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgement against the Defendant Ally Financial for damages, costs, interest, and attorneys' fees.

# COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY FINANCIAL

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Ally Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

26. Ally Financial willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Ally Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Ally Financial is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Ally Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

33. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

38. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

39. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

8

40. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

45. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

46. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

47. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

48. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

50. Plaintiff realleges the above paragraphs as if recited verbatim.

10

51. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

52. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

53. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

54. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

55. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

56. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 30, 2020

By: */s/ Kristie L. Fischer*
Kristie L. Fischer
2565 Coral Sky Court,
Las Vegas, Nevada 89142
Telephone: (702) 218-0253
Email: fischer.kristie@gmail.com